[No. 4832.]

## THE FIRST AFRICAN METHODIST EPISCOPAL ZION CHURCH OF THE CITY OF SAN FRANCISCO *v.* WILLIAM H. HILLERY ET AL.

TRUSTEES OF A CHURCH.—If the rules of a church require its trustees to be elected on a particular day in the year, after notice given on the preceding Sunday by the pastor, a board of trustees elected on a different day without the notice are not trustees *de jure*.

TRUSTEES DE FACTO OF A CHURCH.—Trustees *de facto* of a church may rightfully eject from the church persons who claim to be its trustees and who have taken possession of it, but who are neither trustees *de facto* or *de jure*, and are mere intermeddlers with its temporalities.

IDEM.—If several persons claim to be trustees of a church, and, under such claim, enter into and take possession of it, and serve a notice of dismissal on the pastor, these acts do not constitute them trustees *de facto* of the church.

APPEAL from the County Court, City and County of San Francisco.

The plaintiff was a religious corporation. The defendants, Parker, Norton, Harris, Freeman and Hargro, were, on the 5th of April, 1875, and had been for one year, trustees *de facto* of the plaintiff. There were sixty-five members of the church. On the 5th of April, 1875, at 12 o'clock, noon, without any previous notice, William Seth, H. A. Blake, George McDowell, James Sampson, John Warren, Albert Elliott, R. T. Houston, James Mason, A. Jackson, and four others, all members of the church, assembled in the same

for the purpose of electing church trustees. They had the proxies of twenty other members. Said Seth and others were elected, and a certificate of such election was drawn up and signed, and acknowledged and filed in the office of the county clerk, as required by law. Defendant Hillery was pastor of the church. They then served on him notice of dismissal, and entered into possession of the church and removed the lock on the door and put on a new one, and employed a special policeman to guard the door and prevent any of the old trustees *de facto* from entering. Seth and his associates held possession until April 9, 1875, when the old trustees *de facto* forced an entrance into the church, and took forcible possession. Seth and his associates claimed to be trustees elected by a majority, that is, thirty-three.out of sixty-five votes. They commenced this action (forcible entry and detainer), in the name of the corporation to recover possession of the church. The court nonsuited the plaintiff, because Seth and his associates had not shown that they represented the corporation, and, therefore, their possession was not the possession of the corporation, and the entry of the defendants was not an expulsion of the corporation from possession. The plaintiff appealed.

The other facts are stated in the opinion.

*George W. Tyler and S. L. Cutter*, for the Appellant.

1. Seth *et al.*, who claimed the right to represent plaintiff, were trustees *de facto*. (Angell and Ames on Corporations, Sec. 27; *The King* v. *The Corporation of Bedford Level*, 6 East, 368–9.)

2. The certificate was *prima facie* proof of the election of Seth *et al.*, and is conclusive in all proceedings, except one to set aside the election. The regularity of the election cannot be inquired into collaterally. (Angell and Ames on Corporations, Secs. 137, 139, 140; *Doremus* v. *Dutch Reformed Church*, 2 Green, N. J. Ch. 332; *Mozeley* v. *Alston*, 1 Phillips's Ch. 760.)

*Frank G. Newlands*, for the Respondent.

1. Trustees of a corporation, *qua* trustees, have only

constructive possession of its property by reason of having the right of possession; not *pedis possessio,* but a mere right *virtute officii.* (*The People* v. *Fulton,* 11 N. Y. 95.)

2. The defendants were at least *de facto* trustees in possession, and not naked trespassers, and continue such until others are legally elected and in possession, *i. e.,* are *de jure* trustees in possession.

3. Seth *et al.,* who claimed to represent plaintiff, were not trustees *de facto,* for the defendants were *de facto* trustees, and a corporation cannot have simultaneously two boards of *de facto* trustees. (*Boardman* v. *Halliday,* 10 Paige Ch. 232.)

4. Seth *et al.* did not make a *prima facie* case. They must show, as against the defendants, that they (Seth *et al.*) were trustees *de jure,* otherwise they fail to show the right to represent the plaintiff. (*The People* v. *Nostrand,* 46 N. Y. 381-2; *The People* v. *Hopson,* 1 Denio, 579; *Gourley* v. *Hankins,* 2 Iowa, 75; *Mayor of New York* v. *Flagg,* 6 Abb. Prac. R. 296.)

By the COURT:

1. The provisions of the act concerning corporations, of April 22, 1850 (Acts 1850, p. 373), govern the election of the trustees of this church. The trustees are, therefore, to be elected, not generally, but in accordance with the rules, regulations or discipline of the church. The church, however, seems to have had no rule, regulation, or discipline governing the election of its trustees, unless the usage and custom heretofore prevailing in that respect may be said to amount to a rule within the intent of the statute. But if this usage and custom be considered as amounting to a rule governing elections held by the church, it will not aid the claim of Seth and his associates as trustees *de jure,* because it is affirmatively shown that it had been the custom of the church to elect trustees on the evening of the fourth day of April in each year, and after notice previously given by the pastor from the pulpit on the next preceding Sunday.

The election, under which Seth and his associates claim, was not held at the customary time, nor was it preceded by

any notice whatever. It is clear, therefore, that it cannot be claimed in this action that they are trustees *de jure.*

2. The question upon which the case turns, therefore, is whether the defendant Hillery and his associates were *de facto* trustees of the "First African Methodist Episcopal Zion Church of San Francisco" on the 9th day of April last. If they were, then Seth and his associates were mere intermeddlers with the temporalities of the church, were rightfully ejected, and their removal did not amount to an ouster of the corporation plaintiff. It appears from the findings (which are not challenged) that, up to the 5th day of April, Hillery and his associates were, and for one year next before that day had been, trustees *de facto* of the plaintiff, and as such trustees, in control of the property of the church; and that, on the said 5th day of April, Seth and his associates, claiming to have been elected trustees, effected an entrance by violence into the church building, from which they were, however, afterwards ejected in turn by the defendant Hillery and his associates. The entry effected in this manner by Seth and his party, and a notification of dismissal served by them at the same time on the pastor of the church, are the only acts done which are claimed to have constituted them trustees *de facto*. We think these acts are not in themselves sufficient for that purpose.

Judgment affirmed.